NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Fax: 818-886-3257
Email: nfarboody@mazalent.com
Attorney for MAZAL GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL GROUP, LLC, a California limited liability company<br><br>                  Plaintiff,<br><br>        vs.<br><br>TAMIR OVADIA, an individual, and DOES 1 to 10,<br><br>                  Defendants. | Case No.:  2:18-cv-02749<br><br>**COMPLAINT FOR:**<br>1) **BREACH OF WRITTEN CONTRACT.**<br>2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**<br>3) **FRAUDULENT INDUCEMENT** |

## INTRODUCTION

1.  This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MG"), to recover damages due to the breach of contract by TAMIR OVADIA, an individual and DOES 1-10 ("Defendants"), whose names have not yet been determined.

## JURISDICITON

2.  This Court has original jurisdiction over MG's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MG's state law claims under 28 U.S.C. §1367.  Furthermore, the state law claims contained herein are instituted to the provisions of 28 U.S.C §1332 in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3.  This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendants regularly

conduct business in, and carry minimum contacts with, the State of California.

4. Venue is proper in this district pursuant to 28 U.S.C. §1392(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court.

## PARTIES TO THE ACTION

5. Plaintiff, MAZAL GROUP LLC, is, and at all times material hereto was, a California limited liability company whose principal place of business is in Chatsworth, California.

6. Defendant, TAMIR OVADIA, is and at all times material hereto was, a natural person residing in New York City, New York.

7. Plaintiff, MG is ignorant of the true names and capacities of the defendants sued herein as Does 1 to 10, and therefore sues these defendants by such fictitious names. Plaintiff, will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

8. Plaintiff, MG is a company engaged in the manufacture and distribution of beauty products. MG engages clients with license agreements to license the right to sell products and use trademarks and other intellectual property.

9. On or about December 11, 2017, MG and Defendants entered into an agreement for the licensing and right to sell certain brand products ("BRAND") to which MG had exclusive rights to license (henceforth "AGREEMENT", see Exhibit A, incorporated herein).

10. Among the provisions of the AGREEMENT was Section 1.03 (henceforth "AUTHORIZED CHANNELS"), in relevant parts, are as follows:

Section 1.03 of the AGREEMENT states:

1.03. <u>Authorized Sales Channels.</u> Licensee shall only sell, offer for sale, or otherwise advertise Brand Products at the MG Licensed Location(s). Sale, offers for sale, or advertisement of Brand Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). **Licensee is not authorized to sell, list, advertise or otherwise market Brand Products online, either directly or indirectly…**

11.  Pursuant to the AGREEMENT, Defendants agreed only to sell products through approved channels and explicitly not online, either directly or indirectly.

12.  On or about March 5 and 6, 2018, MG employees discovered Brand Products being sold by eBay seller "yaakozaka0" and Amazon.com seller "Lister USA" and other online resellers.

13.  Plaintiff alleges that Defendants violated the AGREEMENT by selling directly or indirectly to resellers, among whom are listed above.

14.  Plaintiff also alleges that Defendants engaged in the buying, on behalf of others known to Plaintiff as those who scratch or otherwise deface serial numbers of Brand Products, of Brand Products.

15. Plaintiff reached out to Defendants to correct this behavior but were rebuffed and met with defiance.

16.  Defendants have refused to comply with Plaintiff's reasonable demands to adhere to the AGREEMENT and thus Plaintiff seeks judgement against Defendants, each and every one.

### FIRST CAUSE OF ACTION

BREACH OF WRITTEN CONTRACT

BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

17.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

18.  MG alleges Defendants violated Section 1.03 of the AGREEMENT, constituting a material breach pursuant to Section 8 of the AGREEMENT, by selling BRAND products online violating the establish AUTHORIZE CHANNELS.

19.  MG alleges Defendants sold BRAND products acquired through third parties in violation of the AUTHORIZED CHANNELS.

20.  MG alleges that Defendants advertised prices and sold BRAND products under Section 4 "MAP," in violation of the AGREEMENT.

21.  MG alleges that the breach of the AGREEMENT did damage to MG's established channels of distribution, disrupting the market stability and predictability for the BRAND products and harmed relations with MG's other licensees who are left to question whether Plaintiff can maintain the authorized channels and MAP while some brazenly breach, leaving further economic relations in doubt.

22.  MG also alleges that by advertising prices under MAP, Defendants also harmed BRAND's image, degrading its value in the eyes of consumers.

23.  Pursuant to Section 8.03 and Section 8.02 of the AGREEMENT, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

24.  Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

25.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

26.  Plaintiff and Defendants entered into the AGREEMENT.

27.  Every contract impose certain duties of good faith and fair dealing upon the parties in performance and enforcement of the contract.

28.  Plaintiff did all or substantially all of the obligations required in the AGREEMENT.

29.  As part of Defendants' obligations, Defendants were instructed to limit sale of MG Products to such sales channels to end users only, not sell online, and only advertise at MAP Guidelines.

30.  Defendants wrongfully, deceptively, intentionally, and in bad faith advertised and sold online and at prices that harmed the BRAND and the BRAND's image as a luxury good and did harm to MG's relations with those for whom MG has engaged in licensee agreements with and who rely on certain price structures regarding BRAND Products, depriving Plaintiff MG of its right to receive the benefit of a stable price structure and distribution channel that MG designed for the benefit of BRAND and those others for whom MG engages in license agreements.

31.  Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' breach of the implied warranty of good faith and fair dealing.

### THIRD CAUSE OF ACTION

FRAUDULENT INDUCEMENT

BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

32. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

33.  Plaintiff alleges that Defendants made representations to the employed sales representative of MG that Defendants would sell at MAP, not sell to online resellers or otherwise seller online indirectly or directly, on or about the time that Defendants signed the AGREEMENT.

34.  Plaintiff's reliance on the above representation was a material inducement to sign the AGREEMENT, which the Defendants knew or should have known.

35.  Defendants representations were false, and at the time of the representations Defendants had no intention or maintaining those representations, evidenced by the fact that Defendants engaged in purchasing on behalf of people who are known online resellers by credit card in the name of those online resellers.

36.  Plaintiff alleges that Defendant intended for Plaintiff to rely on their representation that they would not sell to resellers or not maintain MAP prices, evidenced by their signature on the AGREEEMENT and representations made to the sales representative of MG.

37.  Plaintiff and Plaintiff's relations with other licensees/clients were harmed by the above actions.  Plaintiff's pricing and distribution network was disturbed by having unlicensed and

unapproved resellers sell, causing licensees/clients to question whether MG can maintain such networks or if it is in their best interest to violate the terms as well.

38. Such resellers lack warranties on products, cannot be assured safe and healthy handling of products, are not adequately trained in the care of the products, and have caused and may cause future harm to the Brand and MG.

39. Defendants' representations that they would not sell to resellers was a substantial factor in Plaintiff's harm as it was relied upon to make the sale and had Plaintiff known Defendants had no intention of maintaining their obligations, Plaintiff would not have entered into the AGREEMENT with Defendants.

40. Plaintiff suffered injuries due to Defendants' fraudulent misrepresentation at an amount to be proven at trial plus punitive and exemplary damages to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1. For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENT were fully performed by Defendants.

2. For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENT.

3. For specific performance of post-termination provisions contained in the AGREEMENT.

4. For general and consequential damages to be established at trial.

5. For injunctive relief.

6. For restitution.

7. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENT.

8. Punitive and exemplary damages.

9. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted.

DATE: 4/4/2018                                    Signature:  /s/Nima Farboody
                                                           Nima Farboody, Esq.
                                                           Attorney for Plaintiff Mazal Group, LLC