NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Fax: 818-886-3257
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAZAL GROUP, LLC, a California Limited Liability Company<br><br>             Plaintiff,<br><br>       vs.<br><br>TAMIR OVADIA, an individual; and DOES 1 to 10,<br><br>             Defendants. | Case No.: 2:18-cv-02749<br><br>**PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT TAMIR OVADIA** |

Plaintiff now comes to submit this motion to extend the time limit for service of process of the summons and complaint against Defendant TAMIR OVADIA ("Summons and Complaint").

## INTRODUCTION

After intensive searching and due diligence Plaintiff has been unable to locate the Plaintiff. Plaintiff now comes and requests an extension.

## ARGUMENT

Federal Rule of Civil Procedure 4(m) provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service

for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

A plaintiff may demonstrate good cause by establishing the following: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if the complaint were dismissed." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991).

However, "[s]ince *Boudette* was decided, Rule 4(m) has been amended to allow for an extension even in the absence of good cause." (*Parkinson v. Freedom Fid. Mgmt.* (E.D.Wash. May 29, 2012, No. 10-CV-0345-TOR) 2012 U.S.Dist.LEXIS 73985, at *15.) Several courts have subsequently indicated that a showing of "good cause" requires something *more* than excusable neglect. *See Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (*Parkinson v. Freedom Fid. Mgmt.* (E.D.Wash. May 29, 2012, No. 10-CV-0345-TOR) 2012 U.S.Dist.LEXIS 73985, at *15.)

Plaintiff has tireless pursued Defendant TAMIR OVADIA. Attached as Exhibit A is a letter noting the second failure to serve the Defendant TAMIR OVADIA.

Plaintiff has served the two most recent locations of TAMIR OVADIA according to his skip trace.

Even if the foregoing is absent a showing of good cause, one cannot accuse Plaintiff of inexcusable neglect. Indeed, the Plaintiff has tirelessly attempted service.

Plaintiff respectfully requests an additional 60 days to effect service as required under Rule 4, inter alia, or whatever time, as the court in its wisdom, shall allow. Plaintiff asks the court for patients and understanding.  It is in Plaintiff's believe that Defendant TAMIR OVADIA knowns or has reason to know of this lawsuit given the stern warning letter Plaintiff sent to him in this run up to this lawsuit and is likely hiding, hoping to evade service.

Respectfully submitted.

Dated: 07/13/2018

                               By:/s/Nima Farboody, Esq___
                               NIMA FARBOODY
                               Attorney for Plaintiff
                               MAZAL GROUP, LLC